## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CHARLES EDWARDS          :
a/k/a ALEXANDER LAWRENCE    :
HOLLYWOOD              :
         Plaintiff,        :
                        :
      -vs-             :      Civil No. 3:06cv00952 (PCD)
                        :
MICHAEL MELECHEL BAPTISTE,   :
et al.,                   :
         Defendants.     :

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

On October 5, 2006, Defendant Keyl (Karyl) Lee Hall filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 25]. On October 10, 2006, Defendant Karen Tie, M.D., filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 27]. On November 16, 2006, Defendant Probate Judge John Keyes filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. No. 32]. Plaintiff has not filed oppositions to these motions. For the reasons stated herein, these motions are **granted.**

## I. BACKGROUND

Plaintiff Charles Edwards is currently committed for treatment at the Connecticut Mental Health Center ("CMHC"), 34 Park Street, New Haven, CT. On April 14, 2006, Plaintiff was brought to the Yale-New Haven Hospital Emergency Room for determination of whether he should be involuntarily admitted to a mental hospital. Defendant Dr. Karen Tie examined the Plaintiff, noting in her Physician's Emergency Certificate that Plaintiff was observed talking to telephone poles, emptying fire extinguishers, and acting belligerent. (See Compl. at 13.) Dr. Tie's examination certificate indicates that Plaintiff, who has been diagnosed with chronic paranoid schizophrenia, had been hospitalized on several previous occasions and was non-

compliant with his multiple anti-psychotic medications.  (Id.)  Dr. Tie diagnosed Plaintiff as

suffering from acute exacerbation of schizophrenia and, on the basis of her examination,

determined that Plaintiff was gravely disabled and dangerous to himself and/or others.  (Id. at 7.)

Plaintiff filed the Complaint in this action on June 20, 2006, alleging that he is currently being

unlawfully held at the CMHC (Compl. at 3) and that his right to refuse medical treatment has

been violated.  (Compl. at 4.)

## II.      STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim

is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which

might be offered in support thereof."  Ryder Energy Distribution Corp. v. Merrill Lynch

Commodities, Inc., 748 F.2d 774, 776 (2d Cir. 1984) (citation omitted).  Therefore, when

considering such a motion, the Court must accept the material facts alleged in the complaint as

true and construe all reasonable inferences in the plaintiff's favor.  Scheuer v. Rhodes, 416 U.S.

232, 236 (1974); Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).  Dismissal

of a complaint under Rule 12(b)(6) is appropriate only where "'it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Id.

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  This standard is applied with even

greater force where the plaintiff is pro se.  Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.),

cert. denied, 513 U.S. 836 (1994).

## III.     DISCUSSION

### A.      Defendant Hall's Motion to Dismiss

Defendant Hall moves to dismiss Plaintiff's claims on the ground that there are no

allegations in the complaint addressed to Defendant Hall.  Defendant Hall is an attorney with the
Connecticut Legal Rights Project in Middletown, CT, and is admitted to practice law in the State
of Connecticut.  (Def. Hall's Mem. in Support of Mot. to Dismiss at 2.)  As Hall notes in her
memorandum, Plaintiff has not alleged any facts in the Complaint which set forth a cause of
action in legal malpractice or on any other basis against Attorney Hall.  (Id.  See Compl.)  In fact,
the complaint does not once mention Attorney Hall, other than naming Hall in the list of
defendants.  Plaintiff has therefore failed to state a claim against Defendant Hall upon which
relief can be granted, and the Complaint is dismissed with prejudice as to Defendant Hall.

**B.      Defendant Karen Tie's Motion to Dismiss**

Plaintiff alleges that Defendant Karen Tie, M.D., violated his constitutional rights to
refuse medical treatment and to refuse commitment to a mental hospital.  Plaintiff also alleges
that his common law right to refuse medical treatment has been violated.  Defendant Tie moves
to dismiss Plaintiff's constitutional claim pursuant to Rule 12(b)(6) on the grounds that Plaintiff
has failed to allege the state action required to sustain his claim.  Defendant Tie also asks the
Court to decline to exercise its supplemental jurisdiction over Plaintiff's common law claim
pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff's claim against Dr. Tie, based solely on allegations that she signed the
Physician's Emergency Certificate committing Plaintiff for treatment in a mental hospital, fails to
allege a deprivation of a constitutionally protected right.  Under the Fourteenth Amendment of
the United States Constitution, "a competent person has a constitutionally protected liberty
interest in refusing unwanted medical treatment[.]"  Cruzan v. Dir., Mo. Dep't of Health, 497
U.S. 261, 278 (1990).  The Fourteenth Amendment, however, "applies to acts of the states, not to

acts of private persons or entities," <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 837-38 (1982), and 42

U.S.C. § 1983 "prohibits interference with federal rights under color of state law." <u>Id.</u> at 838.

For a defendant's conduct to be fairly attributable to the State, the defendant must be a state

actor.  "'Only in rare circumstances can a private party be viewed as a 'state actor' for section

1983 purposes.'"  <u>Okunieff v. Rosenberg,</u> 996 F. Supp. 343, 348 (S.D.N.Y. 1998), <u>aff'd per</u>

<u>curiam</u>, 166 F.3d 507 (2d Cir. 1999), <u>cert. denied</u>, 528 U.S. 1144 (2000) **(**quoting <u>Harvey v.</u>

<u>Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992)).

   Plaintiff has not alleged that Dr. Tie was a state employee or that Yale-New Haven

Hospital is a state-owned facility, and so Dr. Tie must be otherwise considered a "state actor" for

§ 1983 purposes in order for Plaintiff's Fourteenth Amendment claim against her to survive.  A

private party's conduct constitutes state action if it satisfies one of the three tests laid out by the

Supreme Court: (1) the state compulsion test; (2) the close nexus/joint action test; or (3) the

public function test.  Under the state compulsion test, "a State normally can be held responsible

for a private decision only when it has exercised coercive power or has provided such significant

encouragement, either overt or covert, that the choice must in law be deemed to be that of the

State." <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982).  Under the close nexus/joint action test,

state action may be found where the government has "so far insinuated itself into a position of

interdependence with the [private actor] that it was a joint participant in the enterprise." <u>Jackson</u>

<u>v. Metro. Edison Co.</u>, 419 U.S. 345, 357-58 (1974).  Finally, under the public function test, the

private party must perform a function that is "traditionally the exclusive prerogative of the State."

<u>Id.</u> at 353; <u>see also</u> <u>Blum</u>, 457 U.S. at 1005.

   Plaintiff has not alleged facts that satisfy any of these three tests and establish that Dr.

Tie's private conduct constitutes state action for purposes of the Fourteenth Amendment. Compliance with the emergency room commitment procedures, as mandated by Connecticut General Statute § 17a-502, did not convert Dr. Tie's actions into state action.  The Connecticut statute states that an individual "may be confined" to a mental hospital if a physician concludes that such individual "has psychiatric disabilities and is dangerous to himself or others or gravely disabled, and is in need of immediate care and treatment..."  Nothing in the statute either forces or encourages involuntary commitments, and the ultimate decision of whether to involuntary commit someone is left to the medical judgment of the physicians, according to professional standards.  See Okunieff v. Rosenberg, 996 F. Supp. 343, 352 (S.D.N.Y. 1998), aff'd per curiam, 166 F.3d 507 (2d Cir. 1999), cert. denied, 528 U.S. 1144 (2000).  See also Blum, 457 U.S. at 1006-07 (holding that because the physician decides whether a patient's care is medically necessary, the State's requiring the completion of a form does not constitute responsibility for the physician's decision).  Accordingly, Dr. Tie's commitment of Mr. Edwards pursuant to § 17a-502 cannot be attributed to the State under a theory of state compulsion.  Okunieff, 996 F. Supp. at 349.

       To satisfy the close nexus test, the State must be responsible for the specific conduct of which the plaintiff complains, Blum, 457 U.S. at 1004, that is, for the commitment of Mr. Edwards to CMHC.  "[T]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the state for purposes of the Fourteenth Amendment.  Nor does the fact that the regulation is extensive and detailed ... do so."  Okunieff, 996 F. Supp. at 342 (citing Jackson, 419 U.S. at 350).  The fact that Connecticut's involuntary commitment statute authorizes private physicians and hospitals to perform involuntary commitments does not

constitute state influence over physicians' decisions to commit patients. <u>Okunieff</u>, 996 F. Supp. at 352-53. The close nexus test has therefore not been satisfied in this case. Finally, the public function test cannot be satisfied because Mr. Edwards cannot show that Dr. Tie assumed powers exclusively reserved to the state. <u>See</u> <u>Okunieff</u>, 996 F. Supp. at 352-53 ("The fact that the private party has powers coextensive with the state is irrelevant to determine that state action exists."); <u>see also</u> <u>Spencer v. Lee</u>, 864 F.2d 1376, 1380-81 (7th Cir. 1989) (holding that commitment of a mentally ill individual was not historically an exclusively public function). Therefore, in addition to Plaintiff's failure to allege state action on the part of Dr. Tie, Dr. Tie's conduct cannot be considered state action for purposes of the Fourteenth Amendment, and Plaintiff's § 1983 claim against Defendant Tie is accordingly dismissed. Because there is no independent federal basis for Plaintiff's common law claim based on his right to refuse medical treatment, the Court declines supplemental jurisdiction over the remaining state law claim against Dr. Tie pursuant to 28 U.S.C. § 1367(c)(3), and that claim is hereby dismissed.

**C. Defendant Probate Judge John Keyes's Motion to Dismiss**

Defendant Probate Judge John Keyes moves to dismiss the complaint against him on the following grounds: (1) the <u>Rooker-Feldman</u> doctrine deprives the Court of subject matter jurisdiction; (2) 42 U.S.C. § 1983 expressly bars injunctive relief against a judge in his official capacity; (3) absolute judicial immunity bars money damages against a judge in his individual capacity; and (4) there are no allegations of wrongdoing related to Judge Keyes in the complaint.

Judge Keyes is mentioned only once in the Complaint: the last page of the Complaint asks the Court to amend and dismiss Judge Keyes's ruling. Plaintiff appears to contest a confinement decree made by Judge Keyes in proceedings of the New Haven Probate Court.

(Def. Keyes's Mem. in Support of Mot. to Dismiss at 2.)  Pursuant to the Rooker-Feldman

doctrine, this Court lacks subject matter jurisdiction to review state court judgments.  Rooker v.

Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S.

462, 482 (1983).  Because this Court cannot entertain a collateral attack on the judgment of a

probate court, Duboys v. Bomba, No. 01 Civ. 5448 (VM), 2002 U.S. Dist. LEXIS 1540, at * 12

(S.D.N.Y.  Jan. 31, 2002), Plaintiff's request to amend and dismiss Judge Keyes' state court

decree is dismissed.  In order to contest Judge Keyes' confinement decree, Plaintiff's proper

course of action is to appeal his decision to the Connecticut Superior Court pursuant to Conn.

Gen. Stat. § 17a-525.

 Other than the oblique reference to Judge Keyes' confinement decree, Plaintiff has made

no allegations of wrongdoing against Judge Keyes, and on this basis alone the Complaint against

Judge Keyes should be dismissed.  A court "cannot read into the[ ] complaint the missing

allegations crucial to [a plaintiff's] claim," Hack v. President & Fellows of Yale College, 237

F.3d 81, 91 (2d Cir. 2000), even where the plaintiff is pro se and the court accordingly construes

the pleadings to raise the strongest arguments they suggest.  Cruz v. Gomez, 202 F.3d 593, 597

(2d Cir. 2000).  Where, as here, a plaintiff does not allege factual allegations of wrongdoing or

state a claim upon which relief can be granted, his claims must be dismissed.  Id.

 Even if Plaintiff had alleged wrongdoing on the part of Judge Keyes, his claims would be

dismissed because he would have no valid claim for either injunctive relief or money damages.

Section 1983 expressly bars claims for injunctive relief against Judge Keyes in his official

capacity.  42 U.S.C. § 1983, as amended by the Federal Courts Improvement Act of 1996, §

309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) ("in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Because the only reference to Judge Keyes in the Complaint is Plaintiff's request to amend and dismiss Judge Keyes' ruling, Judge Keyes is implicated as a judicial officer in his official capacity. Plaintiff's claim for injunctive relief is therefore barred under § 1983 because he alleges neither the violation of a declaratory decree nor the unavailability of declaratory relief. King v. State of Connecticut Appellate Court, No. 3:03-cv-1994 (JCH), 2004 U.S. Dist. LEXIS 16439, at * 10 (D. Conn. Aug. 17, 2004). See also Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999). To the extent Plaintiff seeks money damages from Judge Keyes, such a claim is similarly barred by absolute judicial immunity. It is "well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." Id. at 760. In sum, Plaintiff has alleged no factual wrongdoing by Judge Keyes and has stated no viable cause of action against him for injunctive relief or monetary damages; accordingly, the Complaint against Judge Keyes is hereby dismissed.

## III.   CONCLUSION

Defendant Hall's Motion to Dismiss [Doc. No. 25], Defendant Tie's Motion to Dismiss [Doc. No. 27], and Defendant Keyes' Motion to Dismiss [Doc. No. 32] are **granted.** All claims against these three defendants are hereby dismissed with prejudice.

SO ORDERED.

Dated at New Haven, Connecticut, this   11th   day of December, 2006.

/s/
_____
Peter C. Dorsey
U.S. District Judge