UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES EDWARDS<br>a/k/a ALEXANDER LAWRENCE<br>HOLLYWOOD<br>      Plaintiff,<br><br>-vs-<br><br>MICHAEL MELECHEL BAPTISTE,<br>et al.,<br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil No. 3:06cv00952 (PCD)<br>:<br>:<br>:<br>:<br>: |

## RULING

On June 11, 2006, Defendant Michael Baptiste, M.D., moved pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure to dismiss the claims against him on the ground that he was not properly served with the summons and complaint. Plaintiff Charles Edwards has failed to file a response in opposition to Defendant Baptiste's motion. Accordingly, Defendant's motion [Doc. No. 49] is **granted** absent objection, and the claims against Dr. Baptiste are hereby dismissed with prejudice.

This case has been pending since *pro se* Plaintiff Edwards filed his first complaint in June, 2006, alleging that he was being unlawfully held at the CMHC and that his right to refuse medical treatment has been violated. (Compl. at 3, 4.) At that time, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On December 11, 2006, this Court granted motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Keyl (Karyl) Lee, Dr. Karen Tie, and Probate Judge John Keyes, dismissing all claims against them with prejudice [Doc. No. 33]. On the same day, Plaintiff filed an Amended Complaint, which the Court, in deference to Plaintiff's *pro se* status, treated as a motion to amend the Complaint [Doc. No. 34], which was granted absent objection on January 18, 2006. In his Amended Complaint,

Plaintiff realleged the same causes of action against Defendants Hall and Keyes that had been dismissed with prejudice, and, for the reasons set forth in its December ruling, the Court granted Defendants' Hall's and Keyes's motions to dismiss the amended complaint. Meanwhile, the Court denied three motions to appoint counsel on the grounds that Plaintiff had failed to show sufficient merit to his claims [Doc. Nos. 15, 48]. In January, 2007, the Court terminated several defendants whom had not been served with a summons and complaint within 120 days of the filing of the Complaint as required by Fed. R. Civ. P. 4(m).

On June 22, 2007, Plaintiff filed a document entitled "Amended Complaint and Stipulation of Settlement," naming as defendants the City of New Haven Mayor John DeStefano, the New Haven Police Commissioner, Yale-New Haven Hospital, American Ambulance Medical Response, the Executive Commissioner of Mental Health and Addiction, as well as the individual defendants named in the original Complaint, most of whom had already been terminated as parties to this proceeding [Doc. No. 52]. The remainder of the June 22nd document is styled as a proposed settlement and stipulation, and it does not raise any new issues nor properly state any claims upon which relief may be granted. When the Court grants *in forma pauperis* status to a plaintiff pursuant to 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court has previously determined that the claims asserted by Plaintiff in his original and amended Complaints failed to state a claim upon which relief can be granted. Nothing in the latest document filed by Plaintiff as an amended complaint, for which he had not been granted leave to do so, states a new claim upon which relief can be granted. Accordingly, pursuant to § 1915, this case is hereby dismissed in its entirety.

The Clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, this  14th  day of July, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court